IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CR 58-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| MARY SARAH FLEISCHER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Defendant's Motion to Seal Dkt. 56 (Doc. 57) ("Motion to Seal") which seeks the sealing of Defendant's Sentencing Memorandum (Doc. 56) and the attached exhibits (Docs. 56-1, 56-2).

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Here, the Court has considered the Motion to Seal, the public's interest in access to the Defendant's Sentencing Memorandum and the exhibits, and alternatives to sealing.

The Motion to Seal and the Sentencing Memorandum have appeared

publicly on the docket since January 6, 2020.[1] The Government has not filed any response.

The Sentencing Memorandum is submitted in connection with Defendant's sentencing hearing which is scheduled for January 9, 2020. The Sentencing Memorandum, however, is brief and limited in scope. Specifically, while Defendant recommends that the Court impose the ten-year mandatory minimum sentence, the primary focus of the Sentencing Memorandum is a related request that the Court recommend to the Bureau of Prisons that Defendant participate in the Residential Drug Abuse Program. The Sentencing Memorandum and the exhibits describe Defendant's medical and mental health history and information in detail in support of her request for this recommendation.

Under these circumstances, the undersigned is persuaded that sealing is appropriate and that less restrictive means of handling the information are not sufficient.

Accordingly, Defendant's Motion to Seal Dkt. 56 (Doc. 57) ("Motion to Seal") is **GRANTED**, and Defendant's Sentencing Memorandum (Doc. 56) and

---

[1] Defense counsel advises that the filing was not made earlier as a result of holiday travel, end of year business matters, and other deadlines.

the exhibits attached thereto (Docs. 56-1, 56-2) are **SEALED** and shall remain sealed until further Order of the Court.

Signed: January 8, 2020

W. Carleton Metcalf
United States Magistrate Judge