UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-345-MOC
1:19-cr-58-MOC-WCM-1

| | |
|---|---|
| MARY SARAH FLEISCHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* 28 U.S.C. § 2255 Motion to Vacate Sentence, (Doc. No. 1), and the Government's Corrected Motion to Dismiss (Doc. No. 7).

Petitioner was charged along with co-Defendant Matthew Dale Jones in a drug trafficking conspiracy. The charges pertaining to Petitioner are: Count One, conspiracy to distribute and possess with intent to distribute methamphetamine, and that 50 grams or more of actual methamphetamine were attributable to and were reasonably foreseeable to Petitioner (21 U.S.C. § 841(a)(1), (b)(1)(A)); Counts Two through Six, distributing five grams or more of actual methamphetamine (21 U.S.C. §§ 841(a)(1)); Count Nine, unlawful possession of a firearm and ammunition while knowing Petitioner was an unlawful user and addicted to a controlled substance (18 U.S.C. § 922(g)(3)); and Count Twelve, possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)). (1:19-cr-58 ("CR"), Doc. No. 27).

Petitioner pleaded guilty to Counts One pursuant to a written Amended Plea Agreement ("Plea Agreement") and Petitioner admitted that she is, in fact, guilty as charged in that offense. (CR Doc. No. 34 at 1). The Government agreed to dismiss Counts Two, Three, Four, Five, Six,

1

Nine, and Twelve. (Id.). The Plea Agreement sets forth Petitioner's sentencing exposure of a minimum term of 10 years' imprisonment and a maximum of life. (CR Doc. No. 34 at 2). The Plea Agreement states that: the Court would consider the advisory U.S. Sentencing Guidelines; the Court had not yet determined the sentence; any estimate of the sentence that Petitioner might receive was a prediction rather than a promise; the Court would have the final discretion to impose any sentence up to the statutory maximum and would not be bound by the parties' recommendations or agreements; and Petitioner would not be permitted to withdraw her plea as a result of the sentence imposed. (Id.).

The parties agreed to jointly recommend: a base offense level of 30 pursuant to U.S. Sentencing Guidelines § 2D1.1 because the amount of actual methamphetamine known to or reasonably foreseeable to Petitioner was more than 50 grams but less than 150 grams; a two-level weapon enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) applies; the Government will recommend up to a three-level deduction for acceptance of responsibility, if applicable; and the career offender or armed career criminal guidelines may be used to determine the sentence if the Court finds them applicable. (CR Doc. No. 34 at 2). The parties retained the right to argue their respective positions regarding any other specific offense characteristics, cross-references, special instructions, reductions, enhancements, departures, and adjustments to the offense level, and departures or variances from the applicable guideline range. (Id.).

The Petitioner stipulated to the existence of a factual basis to support the guilty plea as set forth in the Factual Basis filed and agreed that the Factual Basis may be used by the Court, United States Probation Office, and United States without objection for any purpose, including to determine the applicable advisory guideline range or the appropriate sentence. (CR Doc. No. 34 at 4). The Petitioner agreed that the Factual Basis does not necessarily represent all conduct relevant

to sentencing and that the United States may submit a Statement of Relevant Conduct to the Probation Office, and may present additional relevant facts to the Court. (Id.). The Plea Agreement sets forth the rights Petitioner was waiving by pleading guilty including an express waiver of Petitioner's right to contest her conviction and sentence in post-conviction motions and on appeal except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Id.). The Plea Agreement provides that "[t]here are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea Agreement, or as noticed to the Court during the plea colloquy and contained in writing in a separate document signed by all parties." (CR Doc. No. 34 at 7).

The Factual Basis that was filed along with the Plea Agreement provides in relevant part:

> From at least October 1, 2018, through November 16, 2018, MARY SARAH FLEISCHER ('FLEISCHER') and MATTHEW DALE JONES ('JONES') were residing in Henderson County, North Carolina, within the Western District of North Carolina. During this period, FLEISCHER and JONES conspired together to distribute methamphetamine.
>
> In 2018, detectives from the Henderson County Sheriff's Office ('HCSO') received information from a confidential source of information ('CI') that FLEISCHER and JONES were involved in the distribution of methamphetamine.
>
> On October 16, 2018, FLEISCHER and JONES distributed a quantity of methamphetamine to the CI from their residence in Horse Shoe, North Carolina. Laboratory analysis later revealed the substance to be approximately 18.6 grams of actual methamphetamine.
>
> On October 24, 2018, FLEISCHER and JONES distributed a quantity of methamphetamine to the CI from their vehicle… in Mills River, North Carolina. Laboratory analysis later revealed the substance to be approximately 14.0 grams of actual methamphetamine.
>
> On October 25, 2018, FLEISCHER and JONES distributed a quantity of methamphetamine to the CI from their vehicle… in Henderson County, North Carolina. Laboratory analysis later revealed the substance to be approximately 6.5 grams of actual methamphetamine.

> On October 31, 2018, FLEISCHER and JONES distributed a quantity of methamphetamine to the CI from their vehicle…, in Hendersonville, North Carolina. Laboratory analysis later revealed the substance to be approximately 12.8 grams of actual methamphetamine.
>
> On November 15, 2018, FLEISCHER and JONES distributed a quantity of methamphetamine to the CI from their residence in Horse Shoe, North Carolina. Laboratory analysis later revealed the substance to be approximately 26.1 grams of actual methamphetamine.
>
> The total amount of actual methamphetamine distributed by FLEISCHER and JONES to the CI was approximately 78 grams.

(CR Doc. No. 30 at 1-2) (paragraph numbers omitted).

On September 18, 2019, a United States Magistrate Judge conducted a plea hearing pursuant to Rule 11 at which Petitioner was represented by Meghann Burke. (CR Doc. No. 36) (Acceptance). Petitioner stated, under oath, that: she wanted the Court to accept her guilty plea; she understood the charges, her sentencing exposure, and the consequences of pleading guilty; she understood the rights she was waiving by pleading guilty; and she was pleading guilty because she is guilty of the charged offense. (CR Doc. No. 36 at 1-4). Petitioner further stated that she understood and agreed with the Plea Agreement including the appellate and post-conviction waivers. (CR Doc. No. 36 at 4). She stated that she read the Factual Basis, understood it, and agreed with it. (Id.). Petitioner stated that nobody threated, intimidated, or forced her to plead guilty, or made any promises of leniency or a light sentence to induce her to plead guilty. (Id.). Petitioner confirmed that she had enough time to discuss any possible defense with her attorney and was satisfied with counsel's services. (CR Doc. No. 36 at 5).

The Presentence Investigation Report ("PSR") scored the base offense level as 30 pursuant to § 2D1.1(a)(5) because the amount of actual methamphetamine for which Petitioner was responsible was at least 50 grams but less than 150 grams. (CR Doc. No. 53 at ¶ 28). Two levels

were added pursuant to § 2D1.1(b)(1) because a firearm was possessed during the offense. (CR Doc. No. 53 at ¶ 29). Petitioner provided a written statement to the Probation Officer admitting involvement in the offense stating: "I accept responsibility for the offense of conviction as described in the factual basis." (CR Doc. No. 53 at ¶ 25). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 29. (CR Doc. No. 53 at ¶¶ 35-37). Petitioner had four criminal history points and a criminal history category of III. (CR Doc. No. 53 at ¶ 63). The resulting advisory guideline range was 108 to 135 months' imprisonment, however, the statutory minimum sentence for the offense is 10 years' imprisonment so the guideline range was 120 to 135 months' imprisonment. (CR Doc. No. 53 at ¶ 110).

Defense counsel requested a sentence at the statutory minimum of 10 years' imprisonment. (CR Doc. No. 56) (Sentencing Memorandum). Margaret Teich, on behalf of Meghann Burke, represented the Petitioner at the sentencing hearing on January 9, 2020.

In a Judgment entered on January 24, 2020, the Court sentenced Petitioner at the bottom of the advisory guidelines range and to the statutory minimum mandatory of 120 months' imprisonment followed by five years of supervised release. (CR Doc. No. 61). Petitioner did not appeal.

Petitioner timely filed the instant § 2255 Motion to Vacate on November 1, 2020.[1] (Doc. No. 1). She argues that counsel was ineffective:[2] (1) for failing to inform Petitioner about the rights she was waiving by pleading guilty, which rendered her guilty plea involuntary and the product of duress; (2) at sentencing when she was represented by a paralegal, who failed to object to the drug

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

[2] These claims are restated and renumbered.

5

quantity and the resulting "inflated and incorrect" offense level and argue other favorable facts; and (3) for failing to consult with her about the advantages and disadvantages of filing a direct appeal. Petitioner asks the Court to remove the two-level firearm enhancement and resentence her at a lower guideline range.

The Government filed a Corrected Motion to Dismiss (Doc. No. 7) arguing that Petitioner's claims are conclusory and meritless because Petitioner's plea was knowingly and voluntarily entered; Petitioner was represented by an attorney, Margaret Teich, at the sentencing hearing; Petitioner was sentenced at the statutory minimum and did not receive ineffective assistance at sentencing; and counsel was not ineffective for failing to consult with Petitioner about her appellate rights because Petitioner was sentenced in accordance with the Plea Agreement, which contained an appellate waiver, and Petitioner received the minimum sentence allowed by statute.

The Court informed Petitioner of her right to respond to the Motion to Dismiss, (Doc. No. 8), and Petitioner filed a "Reply," (Doc. No. 9), asking the Court to vacate her guilty plea and resentence her to a lower sentence without the firearm enhancement. She argues *inter alia* that: she is an "addict not a drug dealer;" the drugs found on her person were "primarily for personal use, not to distribute;" she never witnessed her co-Defendant make a drug sale or possess a firearm; the Court did not take into account that she was sent to rehab for 60 days; the firearm enhancement does not apply; she is less culpable than her co-Defendant; the "associate attorney" who represented her at sentencing was not the lawyer who was initially assigned to her and failed to adequately prepare for sentencing and present exculpatory evidence; and she should be sentenced below the statutory maximum. (Doc. No. 9 at 1-4).

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that her "sentence was imposed in violation of the Constitution

or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). The Court also determines that no response from the Government is required.

**III.  DISCUSSION**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for her defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, a petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced her. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The prejudice prong inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional

7

errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a reviewing court need not even consider the performance prong. Strickland, 466 U.S. at 670.

**(1)     Involuntary Plea**

First, Petitioner contends that counsel's ineffective assistance and "duress" rendered her guilty plea involuntary.

The right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. See Missouri v. Frye, 566 U.S. 134 (2012). Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during that process. Lafler v. Cooper, 566 U.S. 156, 162 (2012) (internal quotation marks omitted); Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013). Where a defendant enters her plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was "within the range of competence demanded by attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). To satisfy Strickland's prejudice prong, the defendant must show "there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

Petitioner's present contentions that she did not understand the consequences of her plea, including the mandatory minimum sentence of 10 years' imprisonment, the amount of drugs for which she would be held responsible, the base offense level, the firearm enhancement, and the waiver of her appellate rights, are all conclusively refuted by the Plea Agreement and her

8

statements under oath at the Rule 11 hearing. Petitioner stated at the Rule 11 hearing that she understood the charges, her sentencing exposure including the minimum mandatory 10 year sentence required by statute, and the rights she was relinquishing by pleading guilty including the appellate waiver. See (CR Doc. Nos. 34, 36). She stated that the guilty plea was freely and voluntarily entered and she specifically denied that anyone had forced or threatened her to plead guilty, or promised her anything in exchange for the plea, other than the terms of the Plea Agreement. (CR Doc. No. 36). She acknowledged that she was guilty of Count One and agreed that the Factual Basis was true and accurate. (CR Doc. No. 36).

The foregoing complies with Rule 11 and demonstrates that Petitioner's guilty plea was freely and voluntarily entered with a full understanding of its nature and consequences and that the guilty plea was supported by an independent factual basis. See Fed. R. Crim. P. 11(b)(1)-(3); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Petitioner's present self-serving and unsupported claims that counsel misadvised her about her sentencing exposure and the consequences of her plea, including the waiver of her appellate rights, and that the plea was the product of duress, are contradicted by her own sworn statements at the Rule 11 hearing and are rejected. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005) (§ 2255 petitioner's sworn statements during the plea colloquy conclusively established that his plea agreement and waiver were knowing and voluntary).

Moreover, Petitioner has failed to demonstrate prejudice. Petitioner conclusively states that she would not have pleaded guilty had she known about her sentencing exposure and the

9

appellate waiver. See United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court."). However, the Plea Agreement was highly beneficial to Petitioner. Petitioner pleaded guilty to a single count of methamphetamine trafficking conspiracy for which she received the minimum sentence allowed by statute of 10 years' imprisonment. Her guilty plea resulted in a three-level deduction for acceptance of responsibility and the dismissal of seven serious charges, including a § 924(c) offense that would have carried a mandatory consecutive five-year sentence.

The decision to go to trial would not have been objectively reasonable in light of the extremely favorable plea offer and the strong evidence of Petitioner's guilt, as demonstrated by the Factual Basis. See United States v. Santiago, 632 F. App'x 769, 774 (4th Cir. 2015) ("when the Government's case is strong," a § 2255 petitioner "faces a nearly insurmountable obstacle to showing that it would have been rational to go to trial."); see, e.g., United States v. Fugit, 703 F.3d 248, 259 (4th Cir. 2012) (finding that the decision to go to trial would not have been objectively reasonable where the evidence of petitioner's guilt was overwhelming).

The record reveals that Petitioner's guilty plea was knowingly and voluntarily entered and that no ineffective assistance of counsel occurred that rendered the plea involuntary. This claim is therefore denied.

**(2)** **<u>Sentencing</u>**

Petitioner contends that she was not represented by an attorney at the sentencing hearing and that she was not represented effectively at that proceeding.

When applying the Strickland prejudice test in the context of sentencing, "any amount of actual jail time has Sixth Amendment significance." Glover v. United States, 531 U.S. 198, 203

(4th Cir. 2001).

As a preliminary matter, Petitioner appears to have withdrawn her argument that she was represented by a paralegal, rather than an attorney, at the sentencing hearing. See (Doc. No. 9 at 3) (referring to sentencing counsel as an "associate attorney"). Even if Petitioner had not withdrawn this claim, the Court would deny it, as the record reflects that Petitioner was represented by an attorney at the sentencing hearing. See also (Doc. No. 7) (Corrected Motion to Dismiss); Fed. R. Ev. 201 (addressing judicial notice).

Petitioner's claims that counsel provided ineffective assistance with regards to sentencing are meritless. A knowing and voluntary guilty plea waives any "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). A defendant who pleads guilty is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id.

As part of her guilty plea, Petitioner admitted that: she was guilty of conspiracy to traffic 50 grams or more of actual methamphetamine; a 10-year statutory mandatory minimum sentence would apply; she was responsible for 50 grams or more of actual methamphetamine and would be sentenced at a base offense level of 30; and a 2-level firearm enhancement applied. Petitioner waived any right to present exculpatory evidence regarding her guilt, the drug amount, or the firearm enhancement by entering her knowing and voluntary guilty plea and making admissions in the Factual Basis and Plea Agreement about these issues. Counsel cannot be deemed ineffective for failing to present arguments and evidence that would conflict with the knowing and voluntary guilty plea, Plea Agreement, and Factual Basis. See generally Lockhart v. Fretwell, 506 U.S. 364,

11

374 (1993) (a defendant is not prejudiced if his counsel fails to make an objection that is "wholly meritless under current governing law"). Moreover, Petitioner cannot demonstrate prejudice because no evidence or argument that counsel could have presented at the sentencing hearing had a reasonable probability of affecting Petitioner's sentence, as she received the minimum mandatory sentence that was permitted by statute. See Dyess, 730 F.3d at.

Accordingly, the Petitioner's claims that counsel performed deficiently at the sentencing hearing were waived by the knowing and voluntary guilty plea and are conclusively refuted by the record.

**(3)    Direct Appeal**

Petitioner contends that counsel was ineffective for failing to consult with her about the advantages and disadvantages of filing a direct appeal.

Strickland applies in the context of appellate representation. Counsel must file a notice of appeal when instructed by the client to do so. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Even if a client does not expressly request an appeal, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds to appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480; United States v. Cooper, 617 F.3d 307 (4th Cir. 2010). Dereliction of either of these duties constitutes deficient performance. See Flores-Ortega, 528 U.S. 477, 480; Cooper, 617 F.3d at 313. A defendant establishes prejudice by demonstrating a reasonable probability that he would have filed an appeal "but for" counsel's failure to file or consult. Flores-Ortega, 528 U.S. 484.

Petitioner does not allege that she directed her lawyer to file a direct appeal on her behalf

or that she expressed an interest in appealing. Therefore, the only question is whether a rational defendant would have wanted to appeal such that counsel had a duty to consult with Petitioner about appealing. The record reveals that counsel had no duty to consult with Petitioner about appealing because a rational defendant in Petitioner's circumstances would not want to appeal. Petitioner's highly beneficial Plea Agreement resulted in the dismissal of seven serious counts and a three-level reduction in the offense level for acceptance of responsibility. Petitioner's Plea Agreement contained a knowing and voluntary waiver of her appellate rights except for claims of ineffective assistance of counsel and prosecutorial misconduct. Petitioner has not set forth any reason that a rational defendant would have wanted to appeal under these circumstances, such as the existence of nonfrivolous grounds for appeal. Indeed, the only potential claims that Petitioner has identified in the instant proceeding are claims about the evidence supporting her conviction and sentencing guideline application claims which are not nonfrivolous and would have been barred by the appellate waiver had Petitioner attempted to raise them on direct appeal. Counsel was not ineffective for failing to consult with Petitioner about appealing under these circumstances and, accordingly, this claim is denied.

**(4)** **New Arguments**

Finally, the Petitioner presents new arguments for the first time in the Reply. These claims are subject to dismissal insofar as they were not properly presented to the Court. See generally Fed. R. Civ. P. 15 (addressing amendment). Even if these arguments were found to relate back to the § 2255 Motion to Vacate, they would not support relief. Petitioner's new arguments are conclusory in that Petitioner complains generally about the existence of exculpatory evidence, her sentence, and counsel's performance, but she fails to demonstrate that any deficient performance occurred. Moreover, the Petitioner's allusions the adequacy of the evidence to support her guilty

plea, her innocence, and sentencing errors and are conclusively refuted by the Petitioner's knowing and voluntary guilty plea. Nor has Petitioner demonstrated prejudice by identifying any action that reasonable counsel would have taken that had a reasonable probability of affecting the outcome of the criminal proceeding in any way. See Dyess, 730 F.3d at 359. Therefore, the new claims raised in Petitioner's "Reply" are dismissed and denied.

### IV. CONCLUSION

For the foregoing reasons, the § 2255 Motion to Vacate is dismissed with prejudice and denied and the Government's Corrected Motion to Dismiss is granted.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice and **DENIED**.

2. Respondent's Corrected Motion to Dismiss, (Doc. No. 7), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: June 18, 2021

Max O. Cogburn Jr
United States District Judge